Appellant Leon Goodall appeals a decision of the trial court design signs six errors for our review. Three of the assignments of error raise constitutional issues that the Ohio Supreme Court resolved in State v. Cook (1999), 83 Ohio St.3d 404 and that this court resolved in State v. Ward (1999), 130 Ohio App.3d 551,720 N.E.2d 603. Therefore, assigned errors four through six are overruled.[1]
The appellant was indicted by the Cuyahoga County Grand Jury on April 1, 1986 on counts of kidnapping with an aggravated felony specification, gross sexual imposition with a violence specification and grand theft with a violence specification. On September 26, 1986, the appellant entered pleas of guilty to an amended count of kidnapping without the violence specification and to the count of gross sexual imposition with the violence specification. The third count of the indictment was nolled.
The charges arose out of an incident whereby the appellant forcibly restrained his 28-year-old biological daughter from exiting a vehicle that the two of them were occupying and, in the process of sexually assaulting her, requested that she urinate in his mouth and defecate on his head. The victim was eventually able to escape and ran naked from the vehicle to call 911.
On April 27, 1999, a sexual predator hearing was conducted in accordance with R.C. 2950.09(C)(1). Prior to the hearing the trial court had received a recommendation from the Department of Rehabilitation and Corrections that the appellant be adjudicated as being a sexual predator in accordance with R.C. 2950.09(C)(2)(a). Subsequent to the hearing, the trial court determined that the appellant was a sexual predator. It is from that determination that the appellant herein appeals.
The appellant's first assignment of error states:
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION FOR A PSYCHOLOGICAL EVALUATION BY AN EXPERT IN VIOLATION OF R.C. 2950.09(B)(1)AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
TO THE OHIO CONSTITUTION.
Appellant argues the court abused its discretion when it failed to provide him an expert psychological evaluation. The state maintains the court did not abuse its discretion in failing to appoint an expert. The issue before us, then, is whether the court abused its discretion in this matter.
In State v. Esparza (1988), 39 Ohio St.3d 8, where the court denied a request for an expert in connection with a sentencing hearing, the syllabus states:
 * * * expert services must be provided to an indigent defendant only if the court determines within its sound discretion, that such services "are reasonably necessary for the proper representation of a defendant" at the sentencing hearing, pursuant to R.C. 2929.024.
As the court stated in Cook, supra, a sexual predator hearing is similar to a sentencing hearing and the classification by the court is not considered punishment. Therefore, the decision of whether psychological expert assistance must be provided at the sexual predator hearing is left to the discretion of the trial court for determination on a case by case basis.
Here, the record reveals that the appellant filed a motion for a psychological/psychiatric expert prior to the sexual predator hearing. The court denied this request prior to the hearing. The appellant's motion failed to state with any specificity how the appointment of a psychological expert would assist the trial court in making its determination. The appellant's brief herein also fails to state the reasons a mental health expert would have assisted the appellant during the hearing.
In State v. Russell (1999), Cuyahoga App. No. 72796, unreported, this court held that there was no entitlement to a psychological/psychiatric expert evaluation at state expense prior to a sexual predator hearing:
 * * * an expert's conclusion is not mandated under the sexual predator statute. Consequently, R.C. 2905.09 does not mandate the appointment of an expert for an indigent.
However, if need is shown then an indigent is entitled to a state expensed report. (Emphasis added.) In State v. Broom (1988), 40 Ohio St.3d 277, 283, certiorari denied (1989), 490 U.S. 1075, the Ohio Supreme Court held that in order for an indigent to show need for an expert, there must be a showing of more than a mere possibility of assistance from an expert. In the case sub judice, the appellant has failed to demonstrate even a mere possibility of assistance from an expert.
Thus, after review, we conclude that the trial court did not abuse its discretion in determining that such an expert witness was not reasonably necessary to the proper representation of the appellant in this case. Accordingly, this assignment of error is overruled.
The appellant's second assignment of error states:
 II. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT AFFORDED THE OPPORTUNITY TO SPEAK OR TESTIFY AT HIS HEARING IN VIOLATION OF R.C. 2950.09(B)(1) AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 TO (SIC) THE OHIO CONSTITUTION.
The record does not support the appellant's contention that he was denied the opportunity to speak at his sexual predator hearing. The appellant was represented by counsel throughout the hearing. Neither the appellant or counsel ever requested that the appellant be given the opportunity to address the court. The appellant does not assert in this appeal that he ever indicated any desire to his trial counsel that he be allowed to address the court at his sexual predator hearing, or that he was not fully apprised by his attorney of his right to do so. In his appellate brief the appellant also does not indicate the nature of the testimony that he could have provided which would have impacted on the court's determination that he be classified as a sexual predator. Given the appellant's history and the sordid nature of the crime which he committed against his adult daughter, it is difficult to imagine that anything he could have told the court would have resulted in a different determination.
The appellant was not denied his right to testify at his sexual predator hearing, as there is nothing in the record to suggest that he had any desire to exercise this right at the time of the hearing. Therefore, this assignment of error is overruled.
The appellant's third assignment of error states:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(3) provides the following:
 (3) After reviewing all testimony and evidence presented at the hearing * * * and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. If the judge determines that the offender is not a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is not a sexual predator.
 If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. The offender and the prosecutor who prosecuted the offender for the sexually oriented offense in question may appeal as a matter of right the judge's determination under this division as to whether the offender is, or is not, a sexual predator.
R.C. 2950.09(B)(2) does not require that all listed factors be met before an offender can be classified as a sexual predator. Rather, it requires the trial court to consider all relevant factors in making its determination. State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported. This court has held that an offender's conviction of an underlying sexually oriented offense without more is insufficient to sustain a clear and convincing finding of sexual predator status. State v. Ward, supra. Here, the trial court stated it considered the prior conviction data, the presentence report and the age of the victim prior to making its decision.
In making its finding on the record, the trial court in this case referenced the factors to be considered under R.C.2950.09(B)(2) and then specifically stated that it considered the appellant's age, his extensive criminal history and his prior convictions for sexually related offenses, including assault to rape a female under the age of fourteen. The trial court also noted the fact that the appellant had been diagnosed as an alcoholic and lacked the ability to control his own behavior when impaired. Finally, the trial court stated in its sentencing order that it took into consideration the recommendation of the Department of Corrections and Rehabilitation that the defendant be adjudicated as a sexual predator.
Given the nature of the appellant's offense, his history of criminal activity and sexual deviance and the nature of his relationship to his victim, this court cannot conclude that the trial court erred in concluding that the clear and convincing evidence at the hearing showed that the appellant was a sexual predator and was likely to engage in sexually oriented offenses in the future. This assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and PORTER, J., CONCUR.
 ____________________________ MICHAEL J. CORRIGAN, JUDGE
[1] Appellant's assignments of error four through six state:
 IV. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 V. THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMATICALLY FLAWED.
 VI. THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A SEXUAL PREDATOR BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OF ARTICLE I OF THE OHIO CONSTITUTION.